UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

YOSELYN RODRIGUEZ, an individual,

    Plaintiff,

v.

PENGUIN RANDOM HOUSE GRUPO EDITORIAL (USA) LLC,
a Delaware Limited Liability Company, and PENGUIN RANDOM
HOUSE LLC, a Delaware Liability Company,

    Defendants.
_____/

## **COMPLAINT**

1. Plaintiff, YOSELYN RODRIGUEZ, resides in Miami Dade County, Florida.

2. Plaintiff was an employee of Defendants, PENGUIN RANDOM HOUSE GRUPO EDITORIAL (USA) LLC, a Delaware Limited Liability Company, a division of PENGUIN RANDOM HOUSE LLC, a Delaware Limited Liability Company (collectively "Defendants"), and brings this action against Defendants for unpaid overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees of this action under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §216(b).

3. At all times material to this Complaint, Defendants have owned and operated one of the leading trade book publishing houses engaged in the editorial, design, production, marketing sale and distribution of books domestically throughout the United States and internationally with multiple locations including at 8950 SW 74th Court, Suite 2010, Miami, Florida 33156, in Miami Dade County, within the jurisdiction of this Court.

4. At all times material to this Complaint, Defendants, PENGUIN RANDOM HOUSE GRUPO EDITORIAL (USA) LLC, and PENGUIN RANDOM HOUSE LLC, directly or indirectly, acted in the interest of an employer toward Plaintiff, including without limitation directly or indirectly controlling the terms of employment and compensation of Plaintiff. Alternately, Defendants, PENGUIN RANDOM HOUSE GRUPO EDITORIAL (USA) LLC, and PENGUIN RANDOM HOUSE LLC, and each of their respective divisions, subsidiaries or affiliates, and parent entities, however constituted, were joint employers of Plaintiff because each, respective division, subsidiary or affiliate acted directly or indirectly in the interest of the other in relation to such Plaintiff. As a second alternative, Defendants, PENGUIN RANDOM HOUSE GRUPO EDITORIAL (USA) LLC, and PENGUIN RANDOM HOUSE LLC, and each of their divisions, subsidiaries or affiliates, and parent entities, however constituted, were joint employers of Plaintiff because they commonly controlled the terms of compensation and employment of Plaintiff and because they are not completely disassociated with respect to the terms of compensation and employment of Plaintiff. As a final alternative, Defendants, PENGUIN RANDOM HOUSE GRUPO EDITORIAL (USA) LLC, and PENGUIN RANDOM HOUSE LLC, and each of their divisions, subsidiaries or affiliates, and parent entities, however constituted, directly or indirectly acted in the interest of an employer toward Plaintiff at all material times to this Complaint, including without limitation directly or indirectly controlling the terms of employment and compensation of Plaintiff.

5. Jurisdiction is conferred on this Court by 29 U.S.C. §216(b) and 28 U.S.C. §1337.

6. The events, or a substantial part of the events, giving rise to this action, occurred within the jurisdiction of the United States District Court for the Southern District of Florida, Miami Division.

7. At all times material to this Complaint, including but not necessarily limited to during the years 2013, 2014, 2015, and 2016, Defendants, PENGUIN RANDOM HOUSE GRUPO EDITORIAL (USA) LLC, and PENGUIN RANDOM HOUSE LLC, have had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce. In this regard, Plaintiff alleges based upon information and belief and subject to discovery, that at all times material to this Complaint, Defendants, PENGUIN RANDOM HOUSE GRUPO EDITORIAL (USA) LLC, and PENGUIN RANDOM HOUSE LLC, have employed two (2) or more employees who, *inter alia*: (a) regularly handled and worked on office equipment—including but not limited to computers, photocopier/scanner, printers, telephones—that were goods and/or materials moved in or produced for commerce; (b) regularly handled and worked with commercial office supplies—including but not limited to paper, pens, and UPS, FedEx, and United States Postal Service shipping materials—that were goods and/or materials moved in or produced for commerce; (c) regularly handled and worked with trade books which were moved in and produced for interstate commerce; and (d) regularly processed and participated in electronic bank, transfers, payroll and other financial transactions across Florida and other State lines throughout the United States including but not limited to Maryland and New York.

8. Based upon information and belief, the annual gross sales volume of Defendants, PENGUIN RANDOM HOUSE GRUPO EDITORIAL (USA) LLC and PENGUIN RANDOM HOUSE LLC, has been in excess of $500,000.00 per annum at all times material to this Complaint, including but not necessarily limited to during the years 2013, 2014, 2015, and 2016.

9. At all times material to this Complaint, including but not necessarily limited to during the years 2013, 2014, 2015, and 2016, Defendants, PENGUIN RANDOM HOUSE GRUPO

EDITORIAL (USA) LLC and PENGUIN RANDOM HOUSE LLC, have been an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

10. In or around May 2016, Defendants hired Plaintiff for the position titled as "Staff Accountant" based in Defendants' Miami office located at 8950 SW 74th Court, Suite 2010, Miami, Florida 33156.

11. Between approximately May 2016 and September 2016, Plaintiff's primary duties for Defendants were non-exempt in nature, consisting of assisting Defendants' Administrative and Accounting Manager, Sandra Gamio, with the following clerical tasks: (a) reconciling bank statements; (b) reviewing credit card statements; (c) creating ministerial reports related to book inventory; (d) answering telephone phones; (e) filing; (f) making copies; (g) sorting mail; (h) data entry; and (i) recording day-to-day financial transactions such as purchases, sales, receipts and payments.

12. Throughout Plaintiff's employment with Defendants between approximately May 2016 and September 2016, Plaintiff regularly worked in excess of Forty (40) hours per week.

13. More specifically, between approximately May 2016 and September 2016, Plaintiff regularly worked five (5) days per week for Defendants, with a start time of approximately 8:30 a.m. on four (4) days and with a stop time around 6:30 p.m., as well as one (1) day per week with a start time of approximately 9:00 a.m. and a stop time around 7:00 p.m., averaging approximately Fifty (50) hours per week.

14. However, despite the fact that Plaintiff regularly worked in excess of Forty (40) hours per week for Defendants between approximately May 2016 and September 2016, Defendants failed to pay Plaintiff time and one-half wages for all of Plaintiff's actual overtime

hours worked as required by the Fair Labor Standards Act, as Defendants misclassified Plaintiff as exempt from the FLSA's overtime compensation requirements despite Plaintiff's primary duties being non-exempt.

15.     Based upon Plaintiff being owed an average of Ten (10) unpaid overtime hours per week from Defendants during a total of approximately Eleven (11) work weeks between approximately May 2016 and September 2016, if Plaintiff's unpaid overtime hours are found to be due and owing at the rate of $24.53/hour [$653.85/week gross wages divided by 40 hours = $16.35 x 1.5 = $24.53/hour], Plaintiff's unpaid overtime wages total approximately $2,697.75 [10 Unpaid OT hours/week x $24.53/hour x 11 weeks = $2,697.75].

16.     Based upon information and belief, Defendants failed to maintain records of the all of the actual start times, stop times, number of hours worked each day, and total hours actually worked each week by Plaintiff during each week of her employment with Defendants between May 2016 and September 2016 as required by the FLSA, 29 C.F.R. §516.2(a)(7).

17.     Defendants had knowledge of the hours worked in excess of Forty (40) hours per week by Plaintiff between May 2016 and September 2016, but Defendants nonetheless willfully failed to compensate Plaintiff for the overtime hours she worked for Defendants, instead accepting the benefits of the work performed by Plaintiff without the overtime compensation required by the FLSA, 29 U.S.C. §207.

18.     Based upon information and belief, the complete records reflecting the compensation Defendants actually paid to Plaintiff each week between May 2016 and September 2016 are in the possession, custody, and/or control of Defendants.

## COUNT I
## OVERTIME VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

19.     Plaintiff, YOSELYN RODRIGUEZ, readopts and realleges the allegations

contained in Paragraphs 1 through 18 above.

20. Plaintiff is entitled to be paid time and one-half of her applicable regular rate of pay for each hour worked for Defendants in excess of Forty (40) hours per work week between approximately May 2016 and September 2016.

21. Defendants knowingly and willfully failed to pay Plaintiff at time and one-half of her applicable regular rates of pay for all of her actual hours worked for Defendants in excess of Forty (40) per week between approximately May 2016 and September 2016.

22. At all times material to this Complaint, Defendants had notice and knowledge that their compensation practices did not provide Plaintiff with time and one-half wages for all of her actual overtime hours worked between May 2016 and September 2016, based upon, *inter alia*: (a) Defendants failing to maintain accurate time records of the actual start times, actual stop times, and actual total hours worked each week by Plaintiff; and (b) Defendants failing to pay time and one-half wages for all of the actual hours worked in excess of Forty (40) hours per week by Plaintiff each week between May 2016 and September 2016, including but not necessarily limited to because of Defendants' Administrative and Accounting Manager, Sandra Gamio, knowledge of the overtime hours worked by Plaintiff.

23. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

24. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from Defendants all reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the FLSA.

25. Plaintiff demands a jury trial pursuant to the FLSA.

WHEREFORE, Plaintiff, YOSELYN RODRIGUEZ, demands judgment against

6

Defendants, jointly and severally, PENGUIN RANDOM HOUSE GRUPO EDITORIAL (USA) LLC and PENGUIN RANDOM HOUSE LLC, for the payment of all unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated:  December 12, 2016                                Respectfully submitted,


                                              By:     **s/KEITH M. STERN**
                                                      Keith M. Stern, Esquire
                                                      Florida Bar No. 321000
                                                      E-mail:  employlaw@keithstern.com
                                                      Hazel Solis Rojas, Esquire
                                                      Florida Bar No. 91663
                                                      E-mail:  hsolis@workingforyou.com
                                                      LAW OFFICE OF KEITH M. STERN, P.A.
                                                      One Flagler
                                                      14 NE 1st Avenue, Suite 800
                                                      Miami, Florida 33132
                                                      Telephone:  (305) 901-1379
                                                      Facsimile:  (561) 288-9031
                                                      Attorneys for Plaintiff

## CONSENT TO JOIN FORM

1. I consent to be a party plaintiff in a lawsuit against Defendant, Penguin Random House Grupo Editorial (USA) LLC, a Foreign limited liability company, as well as any related entities and individuals, to seek recovery for violations of the Fair Labor Standards Act (FLSA) pursuant to 29 U.S.C. §216(b) *et seq.*

2. I hereby designate Keith M. Stern, P.A. to represent me in bringing my FLSA claims and to make decisions on my behalf concerning the litigation and settlement of these claims. I agree to be bound by any adjudication by the Court, whether it is favorable or unfavorable.

3. I also consent to join any other related action against Defendant, or any other potentially responsible parties, to assert my FLSA claims and for this Consent Form to be filed in any such action.

Yoselyn Rodriguez
Print Name

Signature: *Yoselyn Rodriguez*
Yoselyn Rodriguez (Nov 30, 2016)

Email: yoselynr31@gmail.com